UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBORAH COTTER, as she is ADMINISTRATOR, PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 35 TRUST FUNDS,
        Plaintiff,

vs.

COASTAL GLASS & ALUMINUM CO., INC., and COASTAL GLASS & ALUMINUM CO., LLC,
        Defendants, and

ENTERPRISE BANK,
        Trustee Process Defendant.

C.A. No.

## VERIFIED COMPLAINT

### NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions and pay interest due to the plans under the terms of a collective bargaining agreement.

### JURISDICTION

2.    The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Deborah Cotter is the Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds ("Funds"). The Funds are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and "employee benefit plans" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Funds are administered at 25 Colgate Road, Suite 204, Roslindale, Massachusetts, within this judicial district.

4. Defendant Coastal Glass & Aluminum Co., Inc. ("Coastal Glass Inc.") is a Massachusetts corporation with a place of business at 139 Swanton Street, Winchester, Massachusetts in this judicial district, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

5. Defendant Coastal Glass & Aluminum Co., LLC ("Coastal Glass LLC") is a New Hampshire corporation with a place of business at 16 Industrial Way, Atkinson, New Hampshire and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185. On information and belief Coastal Glass Inc. and Coastal Glass LLC are alter egos and form a single employer that will hereafter be referred to as "Coastal Glass."

6. Enterprise Bank is a banking institution which, on information and belief, holds assets of Defendant Coastal Glass.

## FACTS

7. Defendant Coastal Glass is a party to a collective bargaining agreement ("Agreement") between the Painters and Allied Trades District Council No. 35 ("Union") and the Painters and Finishing Employers Association of New England, Inc. and Glass Employers

Association of New England, Inc. ("Employer Association"). The Agreement is a contract within the meaning of 29 U.S.C. §185(a). A true and accurate copy of relevant pages of the Agreement is attached hereto as Exhibit A. A true and accurate copy of the signature page of the Memorandum of Understanding by which Coastal Glass became a party to the Agreement is attached hereto as Exhibit B.

8. The Agreement requires signatory employers such as Coastal Glass to make contributions to the Plaintiff Funds for each hour worked by employees. The Agreement specifies the amount to be contributed by an employer to each of the Plaintiff Funds for each hour worked and specifies further that these amounts are to be paid by the twentieth day of the subsequent month.

9. The Agreement also provides that delinquent contribution payments shall be subject to interest and penalties as are fixed by the Plaintiff Funds from time to time.

10. The Plaintiff Funds have set an interest rate of 1.5 percent per month for all signatory contractors, including Coastal Glass.

11. Coastal Glass has failed to pay contributions for work performed in the months of May 2021 through present. Based on remittance reports submitted by Coastal Glass, the principal benefit contributions owed for May of 2021 amounts to $21,176.83. Interest on those unpaid principal benefit contributions continues to accrue at the rate of 1.5% per month until they are paid. As of August 18, 2021, interest owed amounted to $590.72.

12. Coastal Glass has failed to submit remittance reports for the months of June 2021 through present. As such, an additional, unliquidated amount is owed for these months.

13. The Funds sent a formal demand to Coastal Glass by first class mail and certified mail, return receipt requested, on July 1, 2021, for the amounts due for April and May 2021, as well as the amounts then owed under a Settlement Agreement. A copy of the demand letter with

the return receipt is attached hereto as Exhibit C. While Coastal Glass paid some of the amounts due as of the time of the demand letter, additional months of contributions have come due since that time.

14. In sum, Coastal Glass owes in excess of $21,767.55 in delinquent contributions for the month of May 2021 and continuing interest on those contributions through August 18, 2021. Coastal Glass owes an additional unliquidated amount for the months of June and July 2021. In addition, Coastal Glass owes statutory liquidated damages and all legal fees and costs of collection through the date of final payment.

## **COUNT I - VIOLATION OF ERISA**

15. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 14 above.

16. Absent an order from this Court, the Defendant will continue to refuse and fail to pay the sums it owes Plaintiff Funds, along with any interest on late payments and discrepancies, and the Funds and their participants will be irreparably damaged.

17. Absent an order from this Court, the Defendant will continue to refuse and fail to provide remittance reports to the Funds.

18. The failure of Coastal Glass to make payment of all contributions owed on behalf of all covered employees violates § 515 of ERISA, 29 U.S.C. § 1145.

19. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. § 1132(h).

20. The Funds are entitled to recover the full amount of unpaid contributions through the date of the Judgment in this matter, plus continuing interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs, pursuant to ERISA.

## COUNT II - VIOLATION OF THE
## COLLECTIVE BARGAINING AGREEMENT

21. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 20 above.

22. The Agreement is a contract within the meaning of §301 of the LMRA.

23. The failure of Coastal Glass to pay all contributions and interest owed on behalf of its covered employees violates the terms of the Agreement.

24. The failure of Coastal Glass to provide remittance reports for the months of June 2021 through present violates the terms of the Agreement.

25. The Funds are entitled to recover the full amount of unpaid contributions through the date of the Judgment in this matter, plus all amounts due of past-due interest on late-paid contributions, continuing interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs, pursuant to § 301 of the LMRA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests this Court to grant the following relief:

a. Order Coastal Glass to make available to the Plaintiff Funds or their duly authorized representative and/or auditor all of its payroll records, including, but not limited to, contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, accounts receivable, and a complete listing of all job locations from May 1, 2021, until the date of the Court's order for the purpose of ascertaining the full amount of unpaid contributions for that period as well as accounts receivable for that period;

b. Order the attachment by trustee process of the bank accounts of Coastal Glass held by Enterprise Bank up to the amount of $21,767.55 plus the unliquidated amounts owed for the months of June and July 2021;

    c.    Order the attachment of the bank accounts, funds, machinery, inventory and accounts receivable of Coastal Glass up to the amount of $21,767.55 plus the unliquidated amounts owed for the months of June and July 2021;

    d.    Enter a preliminary and permanent injunction enjoining Coastal Glass from refusing or failing to make payment of contributions, interest, legal fees and costs of collection, and liquidated damages owed to Plaintiff Funds;

    e.    Enter judgment in favor of the Plaintiff Funds on Count I for all principal benefit contributions owed for the months of May 2021 through present, together with all amounts that fall due during the pendency of this action or are discovered to be due during the pendency of this action, and continuing interest at the rate of 1.5% per month on all principal benefit contributions, calculated from the date due to the date paid, together with liquidated damages and reasonable attorneys' fees and costs pursuant to ERISA, 29 U.S.C. §1132(g)(2);

    f.    Enter judgment in favor of the Plaintiff Funds on Count II for all contributions, interest, legal fees and costs of collection owed under the Agreement, and all amounts which may become due under the Agreement during the pendency of this action, and

    g.    Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

DEBORAH COTTER, as she is
ADMINISTRATOR, PAINTERS AND
ALLIED TRADES DISTRICT COUNCIL
No. 35 TRUST FUNDS,

By his attorneys,

/s/ Jasper Groner
Jasper Groner, BBO #682403
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 603-1434

August 18, 2021                                         jgroner@segalroitman.com

## **VERIFICATION**

I, Deborah Cotter, Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds, verify that I have read the above Verified Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements made on information and belief, and, as to those statements, I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 19th DAY OF AUGUST, 2021.

_____
Deborah Cotter